## PETERSON v. UNITED STATES.

### (Circuit Court of Appeals, Ninth Circuit. August 1, 1921.)

### No. 3658.

Conspiracy ☞47—Evidence held insufficient to sustain conviction of conspiracy.

In a prosecution for conspiracy falsely to make and alter United States War Savings Certificates and United States War Savings Certificate Stamps and to publish, utter, and sell the altered obligations, evidence that defendant had in his possession altered stamps, and that he had pleaded guilty to an indictment charging him with possessing altered stamps with the intention to pass and sell them, is not sufficient to sustain conviction of conspiracy to sell or alter such stamps.

In Error to the District Court of the United States for the District of Oregon; Chares E. Wolverton, District Judge.

Fred Peterson was convicted of conspiracy to make and alter certain obligations of the United States and to publish, utter, and sell the altered obligations, and brings error. Reversed and remanded.

Paul M. Long, of Portland, Or., for plaintiff in error.

Lester W. Humphreys, U. S. Atty., and John C. Veatch, Asst. U. S. Atty., both of Portland, Or.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error brings under review the judgment rendered against him upon his conviction under an indictment which charged him, together with five others, with a conspiracy falsely to make and alter certain obligations and securities of the United States, namely, United States War Savings Certificates and United States War Savings Certificate Stamps, and to publish, utter, and sell such altered obligations. The plaintiff in error and one Rossi were found guilty. At the close of the testimony motion was made for an instructed verdict in favor of the plaintiff in error, and the denial of that motion is assigned as error.

The contention of the plaintiff in error that there was no evidence to prove a conspiracy must be sustained. In the bill of exceptions which is certified to contain all the evidence offered or admitted on the trial which in any manner concerns the plaintiff in error or relates to any of the exceptions or rulings of the court therein, there is testimony that altered stamps were found in the possession of the plaintiff in error, and that he had pleaded guilty to an indictment which charged him with having in his possession such altered stamps with the intention to pass and sell them; but there was no testimony or evidence of any kind to show that he conspired with his codefendant, Rossi, or with any one, to steal or alter such stamps, or that there was any concert of action between the plaintiff in error and any of the defendants, or that there was a conspiracy.

The judgment must be reversed, and the cause remanded for a new trial. It is so ordered.